FILED

APR 16 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 1:26 CR 00186 |
| v. ) | |
| ) | Title 18, United States Code, |
| LARRY J. DROTLEFF, ) | Sections 641,664 |
| ) | |
| Defendant. ) | JUDGE RUIZ |

BACKGROUND

1. At all times relevant, defendant LARRY J. DROTLEFF was the biological son of decedent Lawrence A. Drotleff.

2. On or about February 1, 1998, dismembered human remains were found in a suitcase by children playing in the woods in Dover Township in Tuscarawas County, in the Northern District of Ohio.

3. On or about February 6, 1998, a second suitcase containing dismembered human remains was located in Jefferson Township, Tuscarawas County, in the Northern District of Ohio.

4. At the time of discovery of the human remains in 1998, there was neither a head, nor hands, located in the suitcases that could assist in identification of the dismembered human remains. However, DNA testing in 1998 established that the two suitcases contained the human remains of the same person.

5. In approximately May 2023, Investigative Genetic Genealogy (IGG) was able to generate leads for use in possible identification of the human remains discovered in February 1998 in Tuscarawas County.

6. Subsequent investigation and genetic testing established that the dismembered human remains located in February 1998 in Tuscarawas County belonged to Lawrence A. Drotleff, father to LARRY J. DROTLEFF.

7. The Social Security Administration (SSA) was a department and agency of the United States that administered the Old-Age, Survivors, and Disability Insurance (OASDI) program pursuant to Title II of the Social Security Act. The OASDI program provided monthly payments to qualified retired and disabled workers and their dependents.

8. At the time of his death and before, Lawrence A. Drotleff received monthly OASDI benefits deposited by the SSA into his account held at KeyBank. The SSA continued to deposit monthly OASDI benefits after his death, unaware that death occurred.

9. The General Electric Pension Plan is an employee pension benefit plan paid by GE, subject to Title I of the Employee Retirement Income Security Act of 1974 and of a fund connected with such plan.

10. At the time of his death and before, Lawrence A. Drotleff received monthly pension benefits deposited into his account held at KeyBank. GE continued to deposit monthly pension benefits after his death, unaware that death had occurred.

11. Title 18, U.S.C. Section 3297 provides:

"In a case in which DNA testing implicates an identified person in the commission of a felony, no statute of limitations that would otherwise preclude prosecution of the offense shall preclude such prosecution until a period of time following the implication of the person by DNA testing has elapsed that is equal to the otherwise applicable limitation period.

12. At the time of comparison and confirmatory testing on the DNA of the human remains located in Tuscarawas County as being those of Lawrence A. Drotleff on May 28, 2025, the statute of limitations on the below identified criminal acts began to run.

2

COUNT 1
(Theft of Government Property, 18 U.S.C. § 641)

The United States Attorney charges:

From in or around February 1, 1998 to in or around September 13, 2010, in the Northern District of Ohio, Eastern Division, Defendant LARRY J. DROTLEFF, in a continuing course of conduct, did willfully and knowingly steal, purloin and convert to his own use, or without authority, dispose of property of the United States exceeding $1,000.00 in value, belonging to the Social Security Administration, an agency of the United States, to wit:  Title II OASDI benefits, in the amount of approximately $111,485, in violation of Title 18, United States Code, Section 641.

COUNT 2
(Embezzlement and Theft from an Employee Pension Fund, 18 U.S.C. § 664)

The United States Attorney further charges:

On or between February 1, 1998, and September 1, 2014, in the Northern District of Ohio the defendant, LARRY J. DROTLEFF, did embezzle, steal and unlawfully and willfully abstract and convert to his own use approximately $135,040.36 of the moneys, funds, securities, premiums, credits, property and other assets of General Electric Pension Fund, an employee pension benefit plan, subject to Title I of the Employee Retirement Income Security Act of 1974 and of a fund connected with such plan in violation of Title 18, United States Code, Section 664.

DAVID M. TOEPFER
United States Attorney

By:  _Michelle M. Baeppler_

Michelle M. Baeppler
First Assistant U.S. Attorney
Jason W. White
Special Assistant U.S. Attorney

3